IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| REDDIE HOUSTON | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv29 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, he failed to sign the standardized § 2254 form that has been adopted by the Court. *See Rules Governing Section 2254 Cases in the United States District Courts*.

On January 19, 2012, this Court ordered Petitioner to sign the form and return it within thirty days. As of this date, Movant has failed to comply with this Court's order. He has failed to prosecute this case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In the present case, Movant has failed to comply with the Court's order. Therefore, the case should be dismissed for failure to prosecute.

Recommendation

It is therefore recommended that the motion be dismissed without prejudice. Fed. R. Civ.

Proc. 41(b); Rule 41, Local Rules for the Eastern District of Texas.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 23rd day of February, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE